NicholsoN, Olí. J.,
delivered tbe opinion of tbe court:
Jarnagin sued tbe county of Sbelby in tbe first circuit court of Shelby county, in an action to bis damage $1,000. His declaration contains three counts, in each of .which be declares on fourteen coupons of tbe same date, maturity, and amount, representing interest due upon three bonds of tbe Memphis & Raleigh Railroad Company, dated 1st of July, 1872, and due on or before tbe 1st of July, 1887. Tbe coupons sued on are all in this form, except as to their number, to wit: “$20. Tbe Melnpbis & Raleigh Company will pay tbe bearer, at their office in tbe city of Memphis, Tenn., twenty dollar’s, on tbe 1st day of July, 1874,- being tbe semiannual interest due on bond No. :-. [Signed] A. J. White, Secretary.” Tbe bonds being payable to Sbelby county, or order, it is averred that before said bonds were negotiated or delivered, and as an original contracting party, for tbe purpose of imparting value thereto, tbe county entered into tbe following agreement in writing, which is indorsed upon each of said bonds, as follows: “Tbe credit of tbe county of Sbelby, State of Tennessee, under and by virtue of an act of tbe general assembly of tbe State of Tennessee, approved January 23, 1871, is hereby pledged for tbe payment of this bond, and coupons attached, at maturity, in accordance with an order of tbe court of said county, passed October 5, 1871, and approved by the people at an election held in said county on tbe 11th of November, 1871. Witness my band and seal, at Memphis, this July 1, 1871. [Signed] T. C. Bleckley, Chairman of County Court. [Seal.]” Plaintiff avers that by reason of tbe premises tbe county of Shelby became bound to pay said *182 fourteen coupons, amounting to $280, witb interest after tlie 1st of July, 1874.
Tbe defendant demurred to the declaration, and assigned several causes of demurrer: (Í) That Bleckley, chairman of the county court, had no authority to indorse the bonds from which the coupons sued on were detached; (2) that the county court had no authority to authorize .Bleckley to indorse the bonds, the county having no authority to go security for any railroad company; (3) that the county had no authority to indorse or guarantee the bonds; (4) that plaintilf ought first to have exhausted his remedy against the railroad company; (5) that plaintiff’s only remedy is on the guaranty, and not on the coupons; (6) that defendant had no notice of the nonpayment of the coupons by the railroad company; (7) that the county had no authority to indorse the bonds for the purpose of securing the payment of the coupons attached thereto. The demurrer being overruled, the defendant’pleaded, and upon the trial plaintiff had judgments The county has appealed; but as there is no bill of exceptions, and no charge of the court, the only quéstion presented is whether the court below erred in overruling the demurrer.
The several causes of demurrer may be reduced to two propositions: First, that the county court had no authority to make the contract of indorsement or guaranty, because it is not for any county purpose authorized by law; and, second, if the county had such authority, it is not sufficiently averred in the declaration what the county purpose was. It is observed that Jarnagin, being holder of the coupons, which are payable to bearer, sues upon the coupons, and makes profert of the bonds, and the indorsement thereon, not only for the purpose of showing his title and the liability of the county to pay the coupons, but also that the bonds were issued for the purpose of building the Memphis & Raleigh. Railroad; and that the county had, by its indorsement, thereby lent its credit to the company *183 in aid of .the construction of the road. All .this appears clearly upon the face of the .bonds, and the indorsement or guaranty thereon by the county. It appears, first, that the credit of the county is pledged under and by virtue of the act of 1811 (code, 491a.) By this act it is provided that the credit of no county shall be given or loaned to, or in aid of, any company, except, first, upon the consent of .a majority of the justices; and, afterwards, upon an election held by the qualified voters of the county, and the consent of three-fourths of. the votes cast. The indorsement on the bonds is signed by the chairman of the county couid, and states that the credit of the county is pledged for the payment of the coupons at maturity, in accordance with an order of the county court, which was approved by the people at an election held by them.
Everything is here stated by the chairman of the county court, who is, by law, the fianancial officer of the county, to show the object for which the indorsement was made, to wit,, to pledge the credit of the county to pay the coupons attached to the bonds of the railroad company as they should mature. It states, also, that the indorsement is made in accordance with an order of the county court, and that their action had been approved by a vote of the people. It is clear that this indorsement on the bonds contains ample evidence to- fix the liability of the county to pay the coupons, if the action of the county court in ordering the indorsement, and the vote of the people approving thereof, is sufficiently stated in the indorsement, which is part of the declaration. This question was settled in the case of Kenicott v. Supervisors, 16 Wall., 464, in which Justice Hunt said: “If an election or other fact is required to authorize the issue of the bonds of a municipal corporation, and if the result of that election, or the existence of that fact, is by law to be ascertained and declared by' any judge, officer, or tribunal, and. that judge, officer, or tribunal, .on .behalf of the corporation, executes *184 or issues the bonds, with the recital that the election has been held, or that the fact exists, or has taken place, this will be sufficient evidence of the fact to all bona fide holders of the bonds.” We have already seen that under the act.of 1871 (code, 491a), which is but carrying out the provisions of the constitution of 1870, the county of Shelby had the authority to lend its credit to the railroad company to aid in the construction of its road, and this being a legitimate county purpose, as held in Railroad Co. v. County of Davidson, 1 Sneed, 638, it follows that the county of Shelby is bound, by its indorsement of the bonds, to pay the coupons sued on, and that this liability is sufficiently averred in the declaration. The demurrer was therefore properly overruled, and the judgment in'the cause must be affirmed.